BOPP v. ATKINS.

*(Common Pleas of New York City and County, General Term.  June 2, 1890.)*

EVIDENCE—PAROL TO AFFECT WRITING.

In an action to recover the value of certain carpets, gas fixtures, etc., alleged to have been conveyed to plaintiff with a house, but which were not referred to in the written contract of sale, evidence of conversations had before the signing of the contract concerning such articles is inadmissible.

Appeal from eleventh district court.

Action by Jacob Bopp against James I. Atkins.  Judgment was given for plaintiff, and defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*C. B. Smith*, for appellant.   *A. Lamont*, for respondent.

BOOKSTAVER, J.   Action to recover the value of certain chattels alleged by the plaintiff to have been conveyed by the defendant to him with a house and lot in West Forty-Fourth street.   The contract of sale was in writing, and at the time of its execution something was said about certain articles, as carpets, gas fixtures, etc.; but when the contract was drawn up it entirely omitted any reference to these articles.   Nevertheless, on the trial, plaintiff was allowed to give evidence as to the conversation before the signing of the contract, and judgment was rendered in plaintiff's favor for their value. This we think was error.   The rule was elementary.   When the parties, deliberately put their agreement in writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagements, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing, and all oral testimony of particular conversations should be rejected.   1 Greenl. Ev. §§ 275, 276.   From the evidence admitted it seems clear that the carpets, etc., were intended to go with the house; but they were not included in the contract, and the plaintiff has mistaken his remedy, which should have been an action to reform the contract.   The judgment should therefore be reversed, with costs.

---

KELLY *et al. v.* WEISS.

*(Common Pleas of New York City and County, General Term.  July 18, 1890.)*

APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

A judgment will not be disturbed on appeal when the verdict on which it is based is justified by the evidence.

Appeal from eleventh district court.

Action by Thomas P. Kelly and others against Leopold Weiss, to recover $99.50 for storage of a brougham and a T cart under an agreement at a specified price.   There was a verdict in plaintiff's favor, and from a judgment thereon defendant appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Horwitz & Hirshfield*, for appellant.   *J. Cochrane*, for respondents.

PER CURIAM.   No question of law is presented on this appeal.   The justice, from the testimony, was justified in finding the verdict he did, and the judgment should therefore be affirmed, with costs to the respondents.